04-40001

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAVERHILL TECHNOLOGY GROUP INC., <br> Debtor <br><br> DAVID M. NICKLESS, TRUSTEE FOR HAVERHILL TECHNOLOGY GROUP, INC., <br> Plaintiff <br><br> VS. <br><br> CREARE, INC. AND MOUNTAIN VALLEY INDEMNITY CO., <br> Defendants | CASE NO. 03-43988 <br> Chapter 11 <br><br> Adversary Proceeding <br> No. 03-4275 |

**DEFENDANT MOUNTAIN VALLEY INDEMNITY CO.'S REQUEST
FOR DISTRICT COURT REVIEW[1] PURSUANT TO
FED. R. BANK. P. § 9033 OF A BANKRUPTCY COURT ORDER DENYING
DEFENDANTS' JOINT MOTION FOR THE BANKRUPTCY COURT
TO ABSTAIN FROM HEARING AND TO DISMISS OR REMAND
THE ABOVE-ENTITLED PROCEEDING PURSUANT TO
<u>28 U.S.C. §1334(c)(2), 28 U.S.C. §1334(c)(1) AND/OR 28 U.S.C. §1452(b)</u>**

The defendant, Mountain Valley Indemnity Company ("MVIC"), requests district court review pursuant to FED. R. BANKR. P. § 9033(d) of an order of the bankruptcy judge entered on November 25, 2003, in this non-core adversary proceeding (the "bankruptcy order"). In that order, the bankruptcy judge denied the defendants' joint motion for abstention from hearing or to dismiss or remand the above-entitled proceeding (the "motion for abstention"). MVIC hereby

---

[1] If the district court must treat the bankruptcy court order as a final order, from which an appeal is required for district court review, MVIC has concurrently filed a motion to enlarge the time period in which it may effect its appeal of this matter by providing any necessary filing fee. MVIC notes that the bankruptcy statutes, and rules and case law are unclear as to how a request for district review must be presented.

files its objections pursuant to FED. R. BANKR. P. § 9033(b) to the bankruptcy order. MVIC also requests a stay of the proceedings until such time as the district court has reviewed this matter.

I.   **SUMMARY OF OBJECTIONS**

The federal district court should make a de novo review pursuant to Bankruptcy Procedure Rule 9033 of the bankruptcy order denying the defendants' motion for abstention. The bankruptcy court is not empowered to enter a final order on the motion as the parties have stipulated that this is a non-core proceeding within the scope of 28 U.S.C. § 157(c)(1). Consequently, the bankruptcy court is required to submit proposed findings of fact and conclusions of law to the district court.

The district court should find that the bankruptcy court erred in holding that the elements necessary for mandatory abstention were not met and, specifically, that timely adjudication in state court is not available. Among other factors, the instant case involves state law claims only and issues that are not intertwined with the bankruptcy. There is no evidence that proceeding in state court will prolong the reorganization of the bankruptcy estate. In addition, the parties may move to expedite the tracking of the case in state court and request special assignment of the case. Furthermore, any consideration of timely adjudication must take into account the inherent delays associated with trying a non-core proceeding such as this case in the bankruptcy court: in particular, as the defendants will not consent to a jury trial in, or the entry of final orders by, the bankruptcy court, the case must be transferred to the district court for entry of final orders and for final adjudication.

In addition, the district court should find that the bankruptcy court erred by not abstaining on discretionary or equitable grounds. Significantly, the state lawsuit, and the claims, contracts and events out of which it arose, occurred long before the bankruptcy petition; there is no federal

2

jurisdiction in the absence of the bankruptcy; and the defendants insist on their right to a jury trial in the district court. Accordingly, this case should be remanded to state court for adjudication as required by 11 U.S.C. §1334(c)(2) or as permitted by 11 U.S.C. §1334(c)(1) or 28 U.S.C. §1452(b).

## II. TRAVEL OF THE CASE

### A. BACKGROUND FACTS

MVIC issued a commercial policy of insurance, number 3120CP001216, to the debtor on or about June 13, 2000. During the ensuing one-year policy period, the debtor submitted no less than 26 separate claims for insurance with an aggregate actual cash value in excess of three hundred and twenty million dollars ($320,000,000.00). The debtor initially claimed to have suffered losses with an aggregate actual cash value in excess of three hundred and twenty ($320,000,000.00) million dollars.

During its comprehensive investigation of the claims, MVIC discovered information indicating that the debtor had intentionally provided material false information in presenting its claims. Specifically, MVIC's investigation revealed that many of the claims had no basis, could not be documented and/or verified, or never occurred. Confronted with MVIC's findings, the debtor later withdrew 11 claims allegedly worth millions of dollars. MVIC ultimately denied six of the debtor's claims in their entirety. One of these 26 alleged losses is the subject matter of the instant case.

### B. FACTS OF THE INSTANT CASE

The debtor filed the above-entitled property damage action in Essex Superior Court on August 5, 2002, based upon an incident that occurred on January 19, 2001. The debtor asserted claims against Creare for breach of contract, negligence, violations of M.G.L. c. 93A and breach

of the implied covenant of good faith and fair dealing. The debtor later sued MVIC, alleging that it is entitled to payment for the damage to the furnace pursuant to an insurance policy it procured from MVIC. The debtor's claims against MVIC are for breach of contract, violation of G.L.c. 93A and 176D and breach of the implied covenant of good faith and fair dealing. MVIC asserted a counterclaim for violation of M.G.L. c. 93A based upon the debtor's unfair and deceptive conduct in intentionally providing material false information in presenting its claims, as discussed above.

The debtor is a Massachusetts corporation and both Creare and MVIC are New Hampshire Corporations. The total amount in controversy for the alleged damage to the debtor's furnace is $28,380.00.

### C. PROCEDURAL POSTURE

On September 5, 2003, the debtor served its notice of removal of the above-entitled action. In the removal notice, the debtor concedes that this action is not a core proceeding but contends that it is related to a case under Title 11 within the meaning of 28 U.S.C. §157(c). On October 3, 2003, the defendants served their motion for abstention. On November 14, 2003, the debtor opposed the motion primarily on the ground that timely adjudication is not available in state court.

On November 25, 2003, the Bankruptcy Court (Rosenthal, J.) entered its order denying the defendants' joint motion for abstention. Although the court's written order does not detail the basis of the court's decision, the defendants understand it was denied on the basis that timely adjudication was not available in state court.

### III. THE BANKRUPTCY COURT LACKS THE POWER TO RENDER A FINAL ORDER ON THE DEFENDANTS' MOTION FOR ABSTENTION

Pursuant to 28 U.S.C. § 157(c)(1), a bankruptcy judge may not make final orders or judgments in non-core proceedings such as the instant case. Instead, the statute states:

> the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

In addition, Bankruptcy Procedure Rule § 9033(a) requires the bankruptcy judge to file proposed findings of facts and conclusions of law in non-core proceedings. Finally, district court review of bankruptcy orders in a case such as this, a pre-petition, non-core matter, satisfies the constitutional standard established in Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Ralls v. Docktor Pet Centers, Inc., 177 B.R. 420, 425 (D. Mass 1995). As the First Circuit recognized:

> A party who contracts with an apparently healthy company – a company that has not filed a petition in bankruptcy – may find it unpleasantly surprising to have to defend its pre-petition contract in a bankruptcy court, without a jury or Article III protections.

In re Arnold Print Works, Inc., 815 F.2d 165, 170 (1st Cir. 1987). Accordingly, the district court should review the bankruptcy order.

IV.  **MANDATORY ABSTENTION**

Mandatory abstention is required when: (1) a motion is timely made; (2) the claims are based on state law and are only related to the case under title 11; (3) the claims could not have been commenced in federal court without the court's bankruptcy jurisdiction; and (4) the action can be timely adjudicated in state court. *In re AK Services, Inc.*, 159 B.R. 76, 80 (Bankr.D. Mass.1993). The bankruptcy court apparently found that the final factor, timely adjudication in state court, was not available. It is, however, possible to expedite the tracking of the case in state court and request special assignment of the case to insure its speedy adjudication. Second, as the

5

defendants will not consent to a jury trial in, or the entry of final orders by, the bankruptcy court, the case must be transferred to the district court for entry of final orders and for final adjudication. Consequently, adjudicating this non-core proceedings in the bankruptcy court involves inherent delays and possibly duplication of efforts by both the bankruptcy and district court.

V.     DISCRETIONARY ABSTENTION

The Bankruptcy Court for the District of Massachusetts has relied upon the following factors in determining whether to invoke its discretion to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of . . . [the] . . . docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*See In re AK Services, Inc.*, 159 B.R. 76, 80 (Bankr. D. Mass. 1993) (citation omitted) (remanding to state court on basis of discretionary and/or equitable abstention). Factors 1, 2, 5, 6, 7, 8, 11 and 12 weigh in favor of discretionary abstention in the instant case. Specifically, this case is a non-core proceeding involving non-debtors and claims that existed pre-petition, involve pre-petition contracts and events and do not arise under Title 11 or in a case under Title 11. As such, the claims in this case are remote from and not intertwined with core bankruptcy matters and are easily severed. (Factors 1, 2, 6, 7, 8, 12). In addition, as this case has been pending in a Massachusetts state court since 2002 and is governed by Massachusetts law, state law issues

6

predominate and should trump the reorganization process. (Factors 2 and 4). *See In re AK Services, Inc.*, 159 B.R. at 86 (court did not view reorganization process as overriding goal). Furthermore, in the absence of the bankruptcy proceeding, there is no federal question or diversity jurisdiction upon which to confer jurisdiction. (Factor 5). Finally, the defendants insist on their right to a jury trial and refuse to give their consent to the bankruptcy court to enter a final order or judgment, which carries with the possibility of delay and duplication of judicial resources. (Factor 11).

## VI. EQUITABLE ABSTENTION

In considering a motion for remand on equitable grounds pursuant to 28 U.S.C. §1452(b), the Massachusetts Bankruptcy Court has considered the following factors:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to jury trial; and (7) prejudice to the party involuntarily removed from state court.

*See Cenith Partners, L.P. v. Hembrecht & Quist, Inc. (In re VideOcart, Inc.)*, 165 B.R. 740, 744 (Bankr. D. Mass. 1994) (remanding case on equitable grounds); *see also In re AK Services, Inc.*, 159 B.R. at 84 (remanding to state court on basis of discretionary and/or equitable abstention).

The above factors warrant remand of this action on equitable grounds pursuant to 28 U.S.C. §1452(b). Factors 1, 5, and 6, which are discussed in the preceding section, favor remand. Factors 4 and 7 militate in favor of abstention. In addition, as to Factor 7, because this case is a non-core proceeding, referral to the bankruptcy court will not promote judicial economy and will instead lead to some duplication of efforts between the bankruptcy court and the district court, which will necessarily increase the costs associated with trying this case and thus prejudice the defendants. Considerations of comity (Factor 4), in that this case involves only

state law issues, weigh in favor of abstention. Accordingly, remanding this case to state court is the most equitable, efficient, cost effective and possibly expedient means of adjudicating the debtor's claims against the defendants.

VII.  CONCLUSION

Wherefore, for all of the foregoing reasons and in the interest of justice and conserving judicial resources and resources of the parties, MVIC requests that the court:

1. abstain from hearing the above-entitled proceeding and enter an Order of dismissal or remand pursuant to 11 U.S.C. §1334(c)(2), 11 U.S.C. §1334(c)(1) and/or 28 U.S.C. §1452(b);

2. stay the administration of this proceeding pursuant to Bankruptcy Practice Rule §§ 5011(c) and/or 8005 until such time as the district court has reviewed this matter;

3. and make any other order as the court may deem just or necessary.

**MVIC REQUESTS A JURY TRIAL ON EVERY ISSUE SO TRIABLE.**

Respectfully submitted,

MOUNTAIN VALLEY INDEMNITY COMPANY,
By its attorneys,

_/s/ Shaela McNulty Collins_
David O. Brink, Esquire
BBO No. 547370
Shaela McNulty Collins, Esquire
BBO No. 566303
Smith & Brink, P.C.
122 Quincy Shore Drive, Second Floor
Quincy, MA 02171
(617) 770-2214

Dated: December 5, 2003

## CERTIFICATE OF SERVICE

I, Shaela McNulty Collins, attorney for the defendant, Mountain Valley Indemnity Company, hereby certify that on December 5, 2003, I mailed by first class mail, postage prepaid, a copy of the within document to:

| | | |
|---|---|---|
| Ryan Siden, Esquire<br>260 Primrose Street<br>Haverhill, MA 01830 | Stephen O'Shea, Esquire<br>BBO No. 559236<br>Kerri Ritz, Esquire<br>BBO No. 652402<br>Martin, Magnuson, McCarthy &<br>Kenney<br>101 Merrimac Street<br>Boston, MA 02114<br>(617) 227-3240 | David M. Nickless, Trustee<br>Nickless and Phillips<br>495 Main Street<br>Fitchburg, MA 01420 |

_____
Shaela McNulty Collins