UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 4:04–mc–40001-NGM

| | |
|---|---|
| HAVERHILL TECHNOLOGY ) <br> GROUP INC., ) <br>     Debtor ) <br> ) <br> DAVID M. NICKLESS, ) <br> TRUSTEE FOR HAVERHILL ) <br> TECHNOLOGY GROUP, INC., ) <br>     Plaintiff ) <br> ) <br> VS. ) <br> ) <br> CREARE, INC. AND MOUNTAIN ) <br> VALLEY INDEMNITY CO., ) <br>     Defendants ) | United States Bankruptcy Court <br> CASE NO. 03-43988 <br><br> United States Bankruptcy Court <br> Adversary Proceeding No. 03-4275 |

**SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THE DEFENDANT,
MOUNTAIN VALLEY INDEMNITY COMPANY'S
<u>REQUEST FOR DISTRICT COURT REVIEW</u>**

The defendant, Mountain Valley Indemnity Company ("MVIC"), states the following in support of its Request for District Court Review dated December 5, 2003. The United States Bankruptcy Court (Kenner, J.) recently abstained from hearing an adversary proceeding, and remanded the case to state court, for some of the same reasons the defendant seeks to have the bankruptcy court abstain in the instant case. (*See* Maureen J. Sullivan, Case No. 03-14611-CJK, AP No. 03-1353, orders dated December 16, 2003 and January 23, 2004, attached as Exhibits 1 and 2). Accordingly, MVIC respectfully requests that an order enter requiring the bankruptcy court to abstain from hearing the state court litigation and remand it to the Trial Court of Massachusetts,

Superior Court Department, Essex County.

Respectfully submitted,

MOUNTAIN VALLEY INDEMNITY
COMPANY,

By its attorneys,

_____
David O. Brink, Esquire
BBO No. 547370
Shaela McNulty Collins, Esquire
BBO No. 566303
Smith & Brink, P.C.
122 Quincy Shore Drive, Second Floor
Quincy, MA 02171
(617) 770-2214

Dated: March 23, 2004

## CERTIFICATE OF SERVICE

I, Shaela McNulty Collins, attorney for the defendant, Mountain Valley Indemnity Company, hereby certify that on March 23, 2004, I mailed by first class mail, postage prepaid, a copy of the within document to:

David M. Nickless, Trustee
Nickless and Phillips
495 Main Street
Fitchburg, MA 01420

Stephen O'Shea, Esquire
Kerri Ritz, Esquire
Martin, Magnuson, McCarthy
& Kenney
101 Merrimac Street
Boston, MA 02114

_____
Shaela McNulty Collins



## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

```
*************************************
In re                                 *
                                      *    Chapter 13
MAUREEN J. SULLIVAN                   *    Case No. 03-14611-CJK
                                      *
                       Debtor         *
*************************************
AMERICAN BUSINESS MORTGAGE            *
SERVICES, INC.                        *
                                      *
                       Plaintiff      *
                                      *
                                      *    Adversary Proceeding
v.                                    *    No. 03-1353
                                      *
MAUREEN J. SULLIVAN,                  *
KAREN SOLIMINI, as Executrix          *
of the Estate of B. Breslin and       *
MARY F. ROWE                          *
                                      *
                       Defendants     *
*************************************
```

## ORDER

Plaintiff, American Business Mortgage Services, Inc. f/k/a New Jersey Mortgage and Investment Corporation, filed a complaint in interpleader with the Trial Court of Massachusetts, Superior Court Department, Middlesex County (MICV 2002-4921) on November 21, 2002. Debtor, Maureen J. Sullivan, one of the named defendants, removed the case to the United States Bankruptcy Court, District of Massachusetts, Eastern Division (the "Bankruptcy Court") on October 2, 2003. On October 17, 2003, the Bankruptcy Court issued an Order to Show Cause why it should not abstain from hearing the proceeding. On December 16, 2003, the Bankruptcy Court issued a Memorandum on Abstention determining that it should abstain from hearing the proceeding.

It is hereby ORDERED that the Bankruptcy Court abstains from hearing this adversary proceeding and remands it to the Trial Court of Massachusetts, Superior Court Department, Middlesex County.

Date: January 23, 2004

_____
Carol J. Kenner
United States Bankruptcy Judge

cc: David G. Baker, Esq., for Defendant Maureen J. Sullivan
    Paul G. Smith, Esq., for Defendant Mary F. Rowe
    William T. Appleyard, Esq., for Defendant Karen Solimini
    Victor Manougian, Esq., for Plaintiff
    Doreen B. Solomon, Esq., Chapter 13 Trustee



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

```
*****************************************
In re                                    *
                                         *   Chapter 13
MAUREEN J. SULLIVAN                      *   Case No. 03-14611-CJK
                                         *
                              Debtor     *
*****************************************
AMERICAN BUSINESS MORTGAGE               *
SERVICES, INC.                           *
                                         *
                           Plaintiff     *
                                         *   Adversary Proceeding
v.                                       *   No. 03-1353
                                         *
MAUREEN J. SULLIVAN,                     *
KAREN SOLIMINI, as Executrix             *       Dec. 16, 2003
of the Estate of B. Breslin and          *
MARY F. ROWE                             *
                                         *
                          Defendants     *
*****************************************
```

## MEMORANDUM ON ABSTENTION

Background:

More than a year ago, American Business Mortgage Services, Inc. filed a complaint in interpleader in the Middlesex Superior Court seeking a determination of the rights of the named defendants to surplus foreclosure proceeds.

Debtor, Maureen J. Sullivan, filed a Chapter 13 petition for relief under the Bankruptcy Code on May 30, 2003. On August 5, 2003, she filed a notice of removal of the state court litigation to the Bankruptcy Court. In October 2003, the Court issued an order to show cause why it should not abstain from hearing the state court litigation. Only the Debtor responded to the order to show cause.

Discussion:

The United States Code permits this Court to abstain from hearing matters when doing so is "in the interest of justice, or in the interest of comity with State courts or respect for State law..." 28 U.S.C. § 1334(c)(1); *Ragosa v Canzano (In re Colarusso)*, 295 B.R. 166, 178 (1st. Cir BAP 2003) (quoting *New Eng. Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 68 (1st Cir. 2002)) (the Court has "broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'").

The Court looks to the following factors to determine the appropriateness of permissive abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of my docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Diversified Mortgage Co., Inc. v. Gold (In re Gold)*, 247. B.R. 574, 580 (Bankr.D.Mass. 2000) (citation omitted).

I find that permissive abstention is warranted in this case because of the following: (i) a determinative question of Massachusetts state law is presented that the state court is most competent to answer; (ii) there is a pending motion for reconsideration of the state court's prior

2

rulings which the state court is obviously best qualified to adjudicate; (iii) the state court has already expended substantial time and resources on the case and it would cost this Court duplicative efforts to achieve the same status; (iv) several non-debtor parties are present in the state court litigation; and, (v) certain non-debtor parties have expended resources to craft a settlement.

For these reasons, "in the interest of comity with State courts [and] respect for State law," I hereby abstain from hearing the state court litigation, which constitutes this adversary proceeding.

Date: Dec. 16, 2003

Carol J. Kenner
United States Bankruptcy Judge

cc: David G. Baker, Esq., for Defendant Maureen J. Sullivan
    Paul G. Smith, Esq., for Defendant Mary F. Rowe
    William T. Appleyard, Esq., for Defendant Karen Solimini
    Victor Manougian, Esq., for Plaintiff
    Doreen B. Solomon, Esq., Chapter 13 Trustee

3