```
                    United States District Court
                      District of Massachusetts
                           Central Division
```

```
_____
                               )
Haverhill Technology Group, Inc.)
     Debtor,                   )
                               )
David M. Nickless, Trustee,    )    Civil Action No.
     Plaintiff                 )    04-mc-40001-NMG
                               )
     v.                        )
                               )
Creare, Inc. and Mountain Valley)
Indemnity Co.,                 )
     Defendants.               )
_____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Mountain Valley Insurance Company ("Mountain Valley") for District Court review of a Bankruptcy Court order pursuant to Fed. R. Bankr. P. 9033.

I. <u>Background</u>

According to Mountain Valley, on or about June 13, 2000, it issued an insurance policy to the debtor, Haverhill Technology Group Inc. ("Haverhill" or "Debtor"). During the following one-year policy period the debtor allegedly made 26 claims with an

aggregate cash value of $ 320,000,000. Mountain Valley investigated those claims and found that many of them had no basis in fact or could not be verified.  Of the claims made, Debtor withdrew 11 and Mountain Valley denied six.

On August 5, 2002, Debtor filed a civil action in Massachusetts state court relating to one of the original 26 claims. The consequences of that suit are at issue in this motion.  Debtor asserted claims against defendant Creare, Inc. ("Creare") for breach of contract, negligence, violation of M.G.L.c. 93A and breach of implied covenant of good faith and fair dealing.[1]  Debtor also filed claims against Mountain Valley for breach of an insurance contract, violation of M.G.L.c. 93A and 176D and breach of implied covenant of good faith and fair dealing.  Mountain Valley asserted a counterclaim for breach of Chapter 93A.  Debtor is a Massachusetts corporation and both defendants are New Hampshire corporations.  The amount in controversy is $28,230.

On September 5, 2003, Haverhill filed a notice of removal to federal court <u>not</u> on grounds of diversity and requisite jurisdictional amount but because, it contends, the case involves a "non-core" cause of action under Title 11 and, as such, must be heard by a federal court.  On October 5, 2003, defendants filed a

---

[1] It is not clear from the papers before the Court what relation Creare has to Haverhill and/or Mountain Valley but apparently it is related in some way.

motion for abstention which Debtor opposed on the grounds that timely adjudication is not available in state court. On November 25, 2003, the Bankruptcy Court denied defendants' motion for abstention.

On December 5, 2003, Mountain Valley filed the instant "Request for District Court Review Pursuant to Fed. R. Bank. P. §9033" of the Bankruptcy Judge's order. It asks this Court to review the Bankruptcy Judge's ruling, arguing that this Court should find that 1) the elements of mandatory abstention were met and 2) that the Bankruptcy Court erred by not abstaining on discretionary or equitable grounds. Debtor opposes the motion on the grounds that Rule 9033 is inapplicable to this matter.

**II.  Discussion**

Fed. R. Bankr. P. 9033 is entitled "Review of Proposed Findings of Fact and Conclusions of Law in Non-Core Proceedings." That rule provides that in non-core bankruptcy proceedings, such as the one at issue here, the bankruptcy judge shall file proposed findings of fact and conclusions of law. Fed. R. Bankr. P. 9033. Within ten days of being served with a copy of those findings the parties may file objections. Id. A district judge will then exercise de novo review, based upon the record and any other evidence of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific objection has

been made. Id.

In the instant case, the Bankruptcy Court has not yet issued findings of fact or conclusions of law in this non-core proceeding and, pursuant to Fed. R. Bankr. P. 9033, any review by the District Court at this stage would be premature.  As such, defendant's motion is improperly filed.  Defendant has a right to object to the Bankruptcy Court's ruling but not until it has issued findings of fact and conclusions of law.  Defendant's motion will be denied.

## ORDER

For the reasons stated in the foregoing memorandum, Defendant Mountain Valley's Motion for District Court  Review (Docket No. 2) is DENIED without prejudice pending issuance of findings of fact and conclusions of law by the Bankruptcy Court.

**So ordered.**

                                    /s/Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: April 08, 2004